## McBride v. McBride

*Charles G. Nistico*, for plaintiff.
*Norman L. Goldberg*, for defendant.

deFURIA, *J.*, January 12, 1983—The parties to this action were married on November 26, 1976. They lived together from that time until January 27, 1977, when the parties became separated as a result of an argument. Plaintiff was arrested at the scene, charged with assault and unlawful possession of firearms, and incarcerated in Delaware County Prison. In April, 1977, plaintiff appeared before the Honorable Domenic Jerome for sentencing on the charges. As a result of the sentencing proceeding, plaintiff took up residence at 328 Spring Road, Havertown, PA, an apartment house owned by defendant. Mr. McBride continued to reside at that address until June 28, 1977, when he moved to Media. Plaintiff has lived at various addresses since June 28, 1977; none, however, together with Mrs. McBride.

On November 18, 1977, defendant filed a protection from abuse action. By virtue of several court orders and an order by consent of the attorneys, plaintiff was evicted and excluded from the marital premises until July 18, 1979.

On or about July 1, 1980, plaintiff filed a complaint in divorce alleging, as the grounds of divorce, that the "marriage between the Plaintiff and De-

fendant is irretrievably broken . . . and that the parties have been separated and have lived separate and apart for a period of at least three years." Defendant was served with a copy of the complaint by a Deputy Sheriff on July 14, 1980.

Norman L. Goldberg, Esq., subsequently entered his appearance on behalf of defendant and filed an answer to the complaint. A copy of plaintiff's affidavit under Section 201(d) of the Divorce Code was served upon defendant and her attorney on March 31, 1981. Thereafter, on May 12, 1981, defendant filed a counteraffidavit denying that the parties have lived separate and apart within the meaning of that term of the Divorce Code.

On August 7, 1981, a general master was appointed to hear testimony and to make a recommendation with regard to the dissolution of marital status only. Testimony was presented by both sides on September 18, 1981 and December 7, 1981. On June 25, 1982, the master filed his report. The master recommended that a divorce be granted.

Defendant timely filed exceptions to the master's report, findings, conclusions of law and recommendations. Legal argument was heard and both parties submitted briefs. By order of this court dated October 20, 1982, said exceptions were overruled and dismissed and the decree in divorce was signed November 3, 1982.

Defendant above named appealed to the Superior Court of Pennsylvania from the Decree in Divorce. Hence, this Opinion.

Section 201(d) of the Divorce Code provides:

(d)(1) It shall be lawful for the court to grant a divorce where a party has filed a complaint and an affidavit alleging that the parties have lived separate and apart for a period of at least three years, and that the marriage is irretrievably broken, and:

(ii) the respondent denies one or more of the allegations set forth in the affidavit, but after notice and hearing, the court determines that the parties have lived separate and apart for a period of at least three years and that the marriage is irretrievably broken.

The court must first address the question of whether the marriage is irretrievably broken. The general master stated, pages five and six of his report:

The testimony elicited at the hearings on this matter indicate the occurrence of violent and protracted altercations between the parties. The record further shows that although the parties had occasionally spent time together and engaged in sexual intercourse subsequent to January 27, 1977, they have not co-habitated since that time.

The facts elicited at the master's hearing clearly indicate the marriage is irretrievably broken. Although the defendant continues to express love for plaintiff, plaintiff has no desire to remain married to and does not express any affection for defendant. The record indicated numerous threats and violent fights between the parties and evidences a significant estrangement between Mr. & Mrs. McBride which has persisted for some time. In or about August of 1978, defendant moved to Florida while plaintiff has remained in Delaware County, Pa. These facts support the conclusion that the marriage is irretrievably broken.

Great weight must be given to the master's findings of fact. However, this court has reviewed the record in this case and is of the opinion that the facts support the master's conclusion that the marriage is irretrievably broken.

The second issue to be decided in this case is

whether the master erred in recommending that a divorce be granted based on the three year separation provisions of the Divorce Code since plaintiff was excluded from the marital premises pursuant to court orders.

We note that there is no Pennsylvania appellate case law that specifically addresses this issue.

It is the opinion of this court that the orders and subsequent consent decree entered into by the parties do not toll the three year separation period.

Under Section 201(d) of the Code, the court does not make any determination as to fault. The only questions the court must address are whether the marriage is irretrievably broken and whether the parties have lived separate and apart for a period of at least three years.

It would be inconsistent to allow defendant, who commenced the action to have plaintiff excluded from the marital democile, to thereafter assert that the period of such an absence should not be considered in meeting the three year separation requirement of section 201(d).

To acept the argument of defendant would mean that *no* wife who files a protection from abuse action and thereafter obtains an order, would be permitted to obtain a divorce from her husband until *at least* three years *after* the termination of the order. This result is not only inconsistent with the purposes and objectives of the Divorce Code of 1980, but with those of the protection from abuse statute.

For the above reasons, we entered our order of October 20, 1982 dismissing the exception and the decree of November 3, 1982 divorcing the parties from the bonds of matrimony.